UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

| | |
|---|---|
| Encore Funding II, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Elevance Health, Inc.; Anthem HP, LLC,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br>**Demand for Jury Trial** |

---------------------------------------------------------------------X

Plaintiff Encore Funding II, LLC ("Encore" or "Plaintiff"), by and through its attorneys, Rivkin Radler LLP, as and for its Complaint against Defendants Elevance Health, Inc. and Anthem HP, LLC (collectively, the "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This action arises from Defendants' disregard of Encore's rights as the secured party and assignee of collateral and accounts receivable that was wrongfully paid to non-party Shopno I, LLC and/or its principals ("Shopno").

2. Defendants wrongfully paid funds to Shopno after Encore acquired rights to the collateral and accounts receivable, perfected its interest as a secured party, and notified Defendants that Encore was the proper payee, not Shopno.

3. Those payments to Shopno did not discharge Defendants' obligations to Encore.

4. As a result, Defendants remain liable to Encore, and this action seeks to recover the amounts paid in derogation of Encore's superior rights.

5. The Defendants failed to pay Encore, despite notice of Encore's interest in Shopno's receivable of at least $2,849,430.

## THE PARTIES, JURISDICTION AND VENUE

6. Plaintiff Encore is an Ohio limited liability company. Its sole member, Encore Holding, LLC, and each of its natural members, reside in, are citizens of, and are currently domiciled in either Ohio or Florida exclusively as outlined in Plaintiff's FRCP Rule 7.1 Statement, based on each of their physical presence in and permanent intention to remain in those states. Encore's principal place of business is in Ohio.

7. As such, Encore is a "citizen" of Ohio and Florida for purposes of diversity jurisdiction.

8. Encore is registered to do business in the State of New York.

9. Encore is engaged in asset-based lending and receivable financing.

10. Upon information and belief, the Defendants are affiliated entities and under common ownership and/or control of Elevance Health, Inc., formerly known as Anthem, Inc.

11. Elevance Health, Inc. is an Indiana corporation and maintains its principal place of business in Indiana.

12. Anthem HP, LLC, is organized under the laws of the State of New York and maintains its principal place of business in the State of New York.

13. Upon information and belief, Anthem HP, LLC, is a wholly owned subsidiary of Elevance Health, Inc.

14. At all relevant times, Anthem HP, LLC maintained and operated under one or more assumed names including Empire BlueCross BlueShield HealthPlus, and/or Anthem Blue Cross Blue Shield HP.

15. The Defendants own, manage, administer, and/or operate managed care plans and related payment functions in the State of New York.

16. Elevance Health, Inc. has common and/or shared control and decision-making authority with respect to Anthem HP, LLC including Elevance Health Inc.'s own, and Anthem HP, LLC's lines of business. At all relevant times herein, Elevance Health, Inc. acted in concert and in coordination with Anthem HP, LLC.

17. Non-party Shopno is a New York limited liability company providing services as a fiscal intermediary in New York State.

18. Upon information and belief, one or more of the Defendants, including specifically Anthem HP, LLC, contracted with Shopno for fiscal intermediary services.

19. As a fiscal intermediary, Shopno provided wage and benefit processing for consumer directed personal assistants under the New York State Consumer Directed Personal Assistance Program ("CDPAP").

20. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of Ohio and Florida, and citizens of Indiana and New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

21. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district and because one or more Defendants resides in, conducts business in, and/or administers managed care plans in New York, including through its relationship with Shopno.

## FACTUAL BACKGROUND

### Encore's Lien and Security Interest

22. Pursuant to a Factoring and Security Agreement, dated February 5, 2024, (as amended, and together with any ancillary documents executed contemporaneously therewith, the "Factoring and Security Agreement"), Encore from time-to-time advanced funds to Shopno.

23. Under the Factoring and Security Agreement, Shopno granted Encore a perfected security interest in its accounts, including those due from the Defendants.

24. Specifically, in exchange for the funds, under Section 8.1 of the Factoring and Security Agreement, Shopno granted to Encore a continuing security interest in and lien upon substantially all existing and future assets of Shopno (the "Collateral").

25. The Collateral includes all existing and future accounts receivable of Shopno, including accounts of the Defendants and specifically but not limited to Anthem HP, LLC.

26. A copy of the Factoring and Security Agreement is annexed as **Exhibit A** hereto.

27. Encore filed with the Secretary of the State of New York a UCC-1 Financing Statement against Shopno with respect to the Collateral (as amended and/or continued, the "UCC Statement"). The UCC Statement, a copy of which is annexed as **Exhibit B**, was filed on or about February 20, 2024.

28. The UCC Statement provides the name of the debtor, Shopno, the name of Encore's secured party representative, and an indication of the collateral.

29. Encore has maintained the UCC Statement and perfected security interest without interruption from the date it was filed through present.

30. Under Section 2.2 of the Factoring and Security Agreement, Shopno authorized Encore to notify and instruct account debtors of Shopno of Encore's interest in the Accounts and to remit payment of the Accounts, including Defendants' accounts and other Collateral directly to Encore, whether or not an event of default by Shopno occurred, as permitted under the Uniform Commercial Code (the "UCC").

31. Under Section 9.1.1 of the Factoring and Security Agreement, Shopno authorized Encore to exercise its power to receive, accept, and deposit any and all proceeds of any Collateral.

32. Under Section 9.1.2 of the Factoring and Security Agreement, Shopno authorized Encore to take and bring all steps, actions, suits, to effect collection of Accounts.

33. Several uncured events of default exist and are continuing under the Factoring and Security Agreement, including, without limitation, as a result of the failure of Shopno to pay principal, interest and other amounts owing by Shopno to Encore when due under the Factoring and Security Agreement.

34. Encore notified Shopno of such defaults and Encore accelerated all indebtedness, liabilities and obligations of Shopno under the Factoring and Security Agreement and demanded immediate repayment of all such obligations.

**The Accounts**

35. From time to time, one or more of the Defendants, specifically including but not limited to Anthem HP, LLC, contracted with Shopno for Shopno to provide fiscal intermediary services, including wage and benefit processing for consumer directed personal assistants in New York State.

36. Upon information and belief, Shopno was not a health insurer or health care provider, nor was it providing such services.

37. Shopno did not render or manage health care services under the New York State CDPAP program.

38. Shopno provided services to Defendants as a fiscal intermediary pursuant to written agreement with Anthem HP, LLC, and/or its affiliates.

39. Upon information and belief, Defendants do not dispute that Shopno duly rendered fiscal intermediary services in New York State pursuant to agreement between Defendants, including Anthem HP, LLC, and Shopno.

40. At all relevant times, Defendants, including but not limited to Anthem HP, LLC, were account debtors to Shopno.

41. As noted above, pursuant to the Factoring and Security Agreement, Shopno granted to Encore a security interest in all of its accounts receivable, including Defendants' Accounts.

42. From in or around February 2024 through and including the date hereof, Accounts due from the Defendants to Shopno were subject to Encore's security interest and, additionally, one or more notices of assignment pursuant to the UCC, including sections 9-406 and 9-607.

43. On or about March 3, 2025, in accordance with the Factoring and Security Agreement and the UCC, Encore notified the Defendants by signed writing (the "March 3rd Notice") that (a) Shopno granted to Encore a security interest in, and Shopno assigned to Encore as collateral security, the full amount of all accounts then or thereafter owing by the Defendants to Shopno and (b) all remittances for such accounts were to be made only to Encore.

44. The March 3rd Notice confirmed the Defendants had notice of Encore's interest, UCC Statement, and assignment of Shopno's present and future receivables.

45. A copy of the March 3rd Notice, including proof of transmission and/or receipt, is annexed as **Exhibit C**.

46. Pursuant to the Factoring and Security Agreement, and applicable authority including but not limited to the UCC, Encore is entitled to seek payment directly from Defendants.

47. On March 3, 2025, Encore sent the March 3rd Notice to Defendants, including their senior leadership.

48. The notice stated that Shopno assigned present and future receivables to Encore, directed payment to Encore, and warned that payment to Shopno or any other party would not discharge the Defendants' obligations.

49. Defendants received the March 3rd Notice.

50. Upon information and belief, Elevance employees communicated internally regarding what to do in response to the March 3rd Notice.

51. Encore followed up on March 24, 2025 and April 1, 2025, requesting that payments be redirected to Encore or, at minimum, escrowed.

52. By the end of April 2025, Elevance personnel were aware that a UCC lien had been set up for Shopno funds.

53. Despite the foregoing notice of Encore's interest, payments due by Anthem HP, LLC, were disbursed by Defendants or their agents to Shopno or other third parties in New York and in derogation of Encore's rights.

54. According to information Encore received from Elevance, including a spreadsheet sent on or about September 29, 2025, the Defendants paid at least $2,849,430 to Shopno after the March 3rd Notice, including payments beginning as early as March 20, 2025 and continuing through at least May 19, 2025 (the "Accounts Receivable").

55. Upon information and belief, the Defendants continue to make payments to Shopno or other third parties in derogation of Encore's continuing interest in the Collateral including the Accounts Receivable.

56. The Defendants received and were duly notified pursuant to the March 3rd Notice of Encore's rights in the Accounts Receivable.

57. The Defendants received and were duly notified pursuant to the March 3rd Notice that payment to Shopno or others would not discharge their obligations to Encore.

58. Upon information and belief, the Defendants had knowledge of Encore's interest by no later than March 7, 2025.

59. Any payment by the Defendants or their affiliates and agents to Shopno or persons other than Encore after receipt of the March 3rd Notice was unauthorized and ineffective to discharge the Defendants' obligation to Encore.

60. Despite receiving proper notice of the assignment, security interest, and Encore's rights under the UCC, Defendants have failed to remit payment to Encore despite repeated demands.

**AS AND FOR A FIRST CAUSE OF ACTION (Collection under UCC § 9-607)**

61. Encore repeats and re-alleges each of the allegations in paragraphs 1 through 60 hereof, as if fully set forth herein.

62. Pursuant to the Factoring and Security Agreement, Shopno granted Encore a perfected security interest in its Accounts and Collateral, including the Accounts Receivable.

63. Encore is a secured party as that term is defined in Section 9-102(a)(73) of the UCC.

64. Shopno is a debtor as that term is defined in Section 9-102(a)(28) of the UCC.

65. The Defendants are each an account debtor as that term is defined in Section 9-102(a)(3) of the UCC or acted through and in concert with one or more account debtors responsible for payment on Shopno's Accounts.

66. Pursuant to Section 9-607(a) of the UCC, Encore, as secured party, is entitled to (a) take any proceeds and payment owing to Shopno (as debtor), from Defendants (as account debtor), and (b) exercise and enforce the rights of Shopno, as debtor, with respect to the obligation of Defendants to make payment of the Accounts Receivable.

67. Where an account debtor pays the debtor after being notified to redirect payments to the secured party, "the burden of double payment" is on the account debtor to make a second

payment, this time to the secured party. *Worthy Lending LLC v. New Style Contractors, Inc.*, 39 N.Y.3d 99, 107 (2022).

68. Any payment by Defendants, including by Anthem HP, LLC, to parties or persons other than Encore was and continues to be unauthorized and ineffective to discharge Defendants' obligation to Encore.

69. Defendants have failed to remit any payments to Encore, despite receiving notice of Encore's perfected security interest, including but not limited to as contained in the March 3rd Notice.

70. Despite demands, no part of the Accounts Receivable or other Collateral have been paid to Encore.

71. All conditions precedent to this cause of action, if any, have been met, fulfilled or waived.

72. As a result of the Defendants' failure to comply with the UCC including Section 9-607, Encore has been damaged in an amount not less than $2,849,430, plus interest.

73. Accordingly, Encore is entitled to judgment against the Defendants in an amount of not less than $2,849,430, together with interest, costs, and reasonable expenses of collection and enforcement, including attorneys' fees as permitted under UCC Section 9-607(d).

**AS AND FOR A SECOND CAUSE OF ACTION (Collection under UCC § 9-406)**

74. Encore repeats and re-alleges each of the allegations in paragraphs 1 through 73 hereof, as if fully set forth herein.

75. On or about March 3, 2025, Encore, as assignee, provided the Defendants with written notice of the assignment in the Collateral, including the Accounts Receivable, and

instructed the Defendants to remit payment directly to Encore, in accordance with Section 9-406 of the New York UCC.

76. Section 9-406(a) of the UCC provides that an account debtor may discharge its obligation by paying the assignor until, but not after, the account debtor receives notification, authenticated by the assignor or assignee, that the amount due has been assigned and that payment is to be made to the assignee. After receipt of such notification, the account debtor may discharge its obligation only by paying the assignee.

77. Defendants received the Notice of Assignment and were duly informed that payment to Shopno would not discharge Defendants' obligation to Encore.

78. Despite such notice, and upon information and belief, Defendants knowingly and/or mistakenly and without authorization remitted or allowed remittance of payment of the Accounts Receivable to Shopno or other third parties without Encore's knowledge, in direct violation of UCC Section 9-406.

79. Any payment by Defendants, including Anthem HP, LLC, to parties or persons other than Encore was and continues to be unauthorized and ineffective to discharge Defendants' obligation to Encore.

80. Upon information and belief, the underlying agreement between Shopno and Anthem HP, LLC or its affiliates does not prohibit or restrict Shopno from assigning the consideration and/or payment for Shopno's services thereunder.

81. Despite demands, no part of the Accounts Receivable have been paid to Encore.

82. All conditions precedent to this cause of action, if any, have been met, fulfilled or waived.

83. As a result of the Defendants' failure to comply with UCC Section 9-406, Encore has been damaged in an amount not less than $2,849,430, plus interest.

84. Accordingly, Encore is entitled to judgment against the Defendants in an amount of not less than $2,849,430, together with interest, costs, and reasonable expenses of collection and enforcement, including attorney's fees pursuant to UCC Section 9-607(d).

**AS AND FOR A THIRD CAUSE OF ACTION (Conversion)**

85. Encore repeats and re-alleges each of the allegations in paragraphs 1 through 84 hereof, as if fully set forth herein.

86. Pursuant to the Factoring and Security Agreement, Shopno assigned to Encore and granted Encore a perfected security interest in all Accounts, including the Accounts Receivable.

87. On or about March 3, 2025, Encore notified the Defendants in writing of its security interest and assignment of the Accounts Receivable and instructed the Defendants to remit payment directly to Encore.

88. Despite such notice, and upon information and belief Defendants knowingly and without authorization disbursed the Accounts Receivable, including specific funds held in escrow and tied to specific Shopno invoices, to Shopno or other third parties without Encore's knowledge, thereby exercising dominion and control over specifically identifiable funds in which Encore had an immediate superior right of possession.

89. Defendants' actions were and continue to be in derogation of Encore's rights and constitute an unauthorized interference with and exclusion of Encore's property interest in the Accounts Receivable, including specific funds held in escrow and tied to specific Shopno invoices.

90. All conditions precedent to this cause of action, if any, have been met, fulfilled or waived.

91. As a direct and proximate result of the Defendants' conversion, Encore has been damaged in an amount not less than $2,849,430, plus interest.

92. Accordingly, Encore is entitled to judgment against the Defendants for conversion in an amount of not less than $2,849,430, together with interest, costs, and such other and further relief as the Court deems just and proper.

**WHEREFORE,** Encore demands a jury trial on all issues so triable and judgment against Defendants as follows:

(a) On the First Cause of Action in the amount of not less than $2,849,430, plus interest thereon;

(b) On the Second Cause of Action in the amount of not less than $2,849,430, plus interest thereon;

(c) On the Third Cause of Action in the amount of not less than $2,849,430, plus interest thereon;

(d) Awarding Encore its reasonable attorney fees, costs, and expenses of this action including for collection and enforcement efforts as provided under the UCC; and

(e) Awarding any other and further relief as the Court deems just, equitable, and proper.

Dated: September 15, 2026

Respectfully Submitted,

**RIVKIN RADLER LLP**

______________________________
Jeffrey W. Ehrhardt (Bar Roll Number 7056086)
John F. Queenan (Bar Roll Number 513003)
66 S. Pearl Street, 11th Floor
Albany, NY 12207
518-462-3000
Jeffrey.Ehrhardt@rivkin.com
John.Queenan@rivkin.com
*Attorneys for Plaintiff Encore Funding II, LLC*

4920-6805-0895, v. 1