The request is granted. Defendants may redact the pricing information in the Administrative Agreement and amendment as set forth in this letter. The Court finds that the confidentiality interests in competitively sensitive pricing information outweighs the value of public disclosure. Moreover, the proposed redactions are narrowly tailored to protect those interests, and the redacted information is likely irrelevant to Defendants' motion to dismiss. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Clerk of Court is respectfully directed to close Docket Number 11.

SO ORDERED.
October 15, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

FBT Gibbons

**Daniel S. Weinberger**
Partner
+1 212.613.2063 (t)
+1 212.554.9632 (f)
dweinberger@fbtgibbons.com

October 9, 2026

**VIA ECF AS A LETTER-MOTION AND VIA E-MAIL**
The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

**Re:** ***Encore Funding II, LLC v. Elevance Health, Inc.; Anthem HP, LLC,***
**Case No. 1:26-cv-08041 (S.D.N.Y.) – Letter Motion to File Redacted Exhibits**

Dear Judge Cronan:

We represent defendants, Elevance Health, Inc. ("Elevance") and Anthem HP, LLC ("Anthem") (together, "Defendants"), in the above-referenced action. In accordance with Rule 4.B of Your Honor's Individual Rules and Practices in Civil Cases ("Individual Rules"), we submit this letter-motion seeking leave to file, in connection with Defendants' forthcoming pre-motion letter to compel arbitration and dismiss the complaint, a redacted copy of the relevant Administrative Agreement and amendment thereto between Anthem and non-party Shopno 1 LLC ("Shopno"), which is incorporated by reference and integral to the Complaint (*see, e.g.*, Compl. ¶¶ 18, 35, 66, 80). The proposed redactions would cover only competitively-sensitive pricing information that is not anticipated to be relevant to the arguments in Defendants' anticipated motion to compel arbitration, stay and, alternatively, dismiss the Complaint. Pursuant to Rule 4.B.i of Your Honor's Individual Rules, Defendants' counsel have conferred with Plaintiff's counsel, who has consented to the proposed redactions. Defendants request that, for purposes of their pre-motion letter to compel arbitration, stay and dismiss, the unredacted copy of the agreement and amendment be subject to an attorneys' eyes only restriction on counsel for Plaintiff Encore Funding II, LLC ("Plaintiff" or "Encore"). If counsel for Plaintiff determines that there is a need to share the unredacted versions with their client, Defendants would propose to meet and confer prior to addressing the issue with the Court.

In considering whether to exercise its supervisory power to seal documents, the Court must balance the following three factors: (1) "whether the documents are judicial documents that are 'relevant to the performance of the judicial function and useful in the judicial process;'" (2) "the weight of the common law presumption of access to the judicial documents at issue, as well as the public's First Amendment right to access the documents;" and (3) "whether there are any countervailing concerns that would weigh against full public access to the documents." *Saadeh*

*v. Kagan*, No. 20-CV-1945, 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 115, 119-20 (2d Cir. 2006)). Sealing of judicial documents may be justified when the Court finds that sealing is "'necessary to preserve higher values'" and "'is narrowly tailored to achieve that aim.'" *Govt. of the United States Virgin Islands v. JPMorgan Chase Bank, N.A.*, 807 F. Supp.3d 301, 308 (S.D.N.Y. 2025) (quoting *Lugosch*, 435 F.3d at 124).

Here, Defendants do not seek to seal entire documents, but rather only to redact competitively-sensitive, recent pricing information from an agreement and its amendment that will be submitted as exhibits to Defendants' pre-motion letter to stay and dismiss this action. This pricing information should have no relevance to the arguments that will be raised and addressed in Defendants' pre-letter motion or anticipated motion, or in Plaintiff's response thereto. At the same time, public access to this pricing information could tangibly harm Anthem's ability to compete in the marketplace, as competitors can use this information to undercut Anthem's pricing and gain unfair advantages in negotiations with care providers. Courts in this District have recognized that pricing information such as this is sufficiently sensitive to overcome the presumption of public access. *See, e.g.*, *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017).

For these reasons, Defendants respectfully request permission to redact pricing information from the Administrative Agreement and amendment thereto, which Defendants intend to file as exhibits to their forthcoming pre-motion letter. In accordance with Rule 4.B.ii, a proposed redacted version of these documents are submitted with this application, and an unredacted version shall be filed under seal herewith.

Respectfully submitted,

Daniel S. Weinberger